ROBERT W. FERGUSON
Attorney General
MITCHELL A. RIESE
NEAL LUNA
Assistant Attorneys General
Attorney General of Washington
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SUNNYSIDE, <br><br> Defendant. | NO. <br><br> COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

## I.   INTRODUCTION

1.1   The State of Washington (the State) brings this civil action as parens patriae against the City of Sunnyside (Sunnyside) for declaratory and injunctive relief, and for damages to redress Sunnyside's policy or practice of evicting residents without due process in violation of federal and state law.

## II. PARTIES

2.1     Plaintiff is the State of Washington. The Attorney General is authorized to commence this action pursuant to Wash. Rev. Code § 43.10.030(1).

2.2     Plaintiff Washington has quasi-sovereign interests in protecting the health, safety and well-being of its residents, and in ensuring that its residents are not excluded from the benefits that flow from participation in the federal system, including the rights and privileges provided by the U.S. Constitution and federal law. A significant number of Washington residents live in cities with Crime Free Rental Housing Programs (CFRHPs). In addition to Sunnyside, Tacoma, Bellingham, Spokane, Pasco, Yakima, Prosser, Tukwila, Kent, Walla Walla, University Place, Othello, and Port Orchard all currently have some form of CFRHP. Other cities, such as Shelton and Moses Lake, are considering implementing such a program. Since many Washington cities have CFRHPs, the State has a compelling interest in protecting its residents – especially its most vulnerable – from enforcement of these programs in ways that deprive residents of their federal and state constitutional and statutory rights and adversely impact their health and well-being.

2.3     Defendant is the City of Sunnyside, Washington, a municipal corporation, with over 16,000 residents. Sunnyside operates the Sunnyside Police Department. Sunnyside police officers are Sunnyside employees.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

### III.  PREREQUISITES TO SUIT

3.1  On or about May 13, 2019, the State served a claim for damages on Sunnyside pursuant to Wash. Rev. Code § 4.96.020(2). More than 60 days have lapsed since that filing.

### IV.  JURISDICTION AND VENUE

4.1  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, which confer original jurisdiction upon this Court of any civil action involving a federal question and to recover damages to secure equitable relief under any Act of Congress providing for the protection of civil rights. This action is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 3613.

4.2  This Court has supplemental jurisdiction over Washington's state law claims pursuant to 28 U.S.C. § 1367.

4.3  Venue is proper in this district because Defendant resides in Yakima County, Washington, and all of the events that support Washington's allegations occurred there. 28 U.S.C. § 1391(b)(1) and (2).

### V.  FACTS

5.1  In 2010, Sunnyside established and has continued to implement through its police department a CFRHP. Sunnyside Municipal Code (SMC) § 5.02.030(A). The stated intent of the CFRHP is to reduce crime in rental housing through a partnership between police, residents, and landlords. *Id*.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

5.2   Sunnyside waives a required annual residential rental housing license fee of between $100 and $750 for landlords who participate in the CFRHP, but reimposes that fee plus ten percent and revokes the rental license if the landlord fails to comply with the CFRHP. SMC §§ 5.02.020, .060.

5.3   Any landlord who receives two notices from the Sunnyside police of criminal activity on any of the landlord's rental properties must participate in the CFRHP, unless the landlord makes a good faith effort to deter the criminal activity. SMC § 5.02.040(A).

5.4   Sunnyside provides training for landlords and property managers who participate in the CFRHP. SMC § 5.02.030(A)(1). The training covers rental applications, rental agreements, resident screening, evictions, subsidized Section 8 housing (24 C.F.R. § 982), working with the police, criminal activity identification, drug use in rental properties, gang activity identification, and crime prevention through environmental design. SMC § 5.02.030(A)(1).

5.5   Sunnyside does not provide training on enforcing the CFRHP to any Sunnyside employees, including its police officers, who enforce the CFRHP.

5.6   The CFRHP imposes duties on both landlords and Sunnyside police officers. Under the program, a landlord or property manager must require residents to sign a Crime Free Lease/Rental Agreement Addendum (Addendum). SMC § 5.02.030(A)(3) provides a model Addendum. It lists crimes that constitute

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1 a material breach of the lease if permitted or committed by the resident on or near the rental property.

2  5.7    If Sunnyside police determine that any resident, household member, guest, or other person under the resident's control has engaged in or permitted any of the crimes listed in the Addendum on or near the premises, the CFRHP directs Sunnyside police to issue a notice of noncompliance to the landlord. SMC § 5.02.030(F).

5.8    Within five business days of receiving a notice of noncompliance, the CFRHP directs a landlord to issue a notice to the resident to "comply or quit" the premises "(if required by law) and pursue all remedies against the residents available to the owner/licensee under the Residential Landlord-Resident Act of 1973 and the Manufactured/Mobile Home Landlord-Resident Act, as applicable, and all other remedies provided by law to terminate the tenancy and evict the residents." *Id*.

5.9    The comply-or-quit notice must include: "1. The date and location of the noncompliance; 2. The nature of the noncompliance; 3. The name of the person or persons engaged in the noncompliance[;]" and 4. "[C]opies of any public records of activities of noncompliance on or about the owner/licensee's property occupied by the residents." *Id*.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

5.10   The CFRHP allows the landlord to appeal the notice of noncompliance in a hearing before the Sunnyside Police Chief. *Id.* The ordinance provides no appeal process for residents who are the subjects of a notice of noncompliance.

5.11   Participants in the CFRHP, including Sunnyside employees, must comply with the Residential Landlord Tenant Act (RLTA). Wash. Rev. Code § 59.18.230(1) (RLTA procedures must be followed and cannot be waived).

5.12   In Washington, the RLTA imposes certain duties upon residents in addition to timely paying the rent. For example, residents may not permit nuisance or waste upon the property or engage in or permit any drug- or gang-related activity on or near the rental property. Wash. Rev. Code § 59.18.130(6), (9). A resident who violates a statutory duty may be evicted.

5.13   To evict a resident for violating a statutory duty, a landlord must follow the procedures specified in the RLTA and the Unlawful Detainer Act (UDA), Wash. Rev. Code chs. 59.18 and 59.12, respectively. Those procedures vary depending on how the resident has failed to comply. For example, where the resident has committed or permitted waste or a nuisance on the premises, the landlord must first issue a three-day notice to quit. Wash. Rev. Code § 59.12.030(5). By contrast, no notice is required where the resident has engaged in drug-related activity, criminal activity that results in the resident's arrest, or gang-related activity. Wash. Rev. Code § 59.18.180(3)-(5).

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

5.14   If a resident continues to occupy the rental property after a three-day notice to quit has expired or after engaging in criminal activity that results in the resident's arrest, for example, the resident is guilty of unlawful detainer. Wash. Rev. Code §§ 59.12.030(4), (5), and (7).

5.15   The landlord may not then engage in self-help to remove the resident from the property or ask law enforcement to do it. Rather, the landlord must commence an unlawful detainer action in court to evict the resident.

5.16   If a court determines that possession of the property should be returned to the landlord, it will issue a writ of restitution, which the sheriff shall serve on the resident. Wash. Rev. Code §§ 59.12.090 and .100. The sheriff must wait at least three days after service of the writ before executing it and returning possession of the property to the landlord. Wash. Rev. Code § 59.12.100.

5.17   Sunnyside employees enforce the CFRHP in violation of the legal requirements above.

5.18   In one incident, Sunnyside police evicted a Latina mother, a grandmother, and seven children without a judicial eviction order. After the mother repeatedly refused the landlord's sexual advances, the landlord accused the mother and her son of stealing, and called the Sunnyside police to evict the family. Without providing any written notice, three officers came to the home and told the family that they had two days to leave. The family complied, and as a result were separated between the father's home, a relative's home, and a hotel. The family

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

was unable to find replacement housing where they could live together for over a year.

5.19   In a second incident, Sunnyside police evicted a pregnant Latina mother with three children who had been living in low-income housing for seven months without incident. A single fight occurred near the home, and although no charges were pressed against the mother and no eviction proceedings were ever initiated, the Sunnyside police ordered the mother to vacate the apartment in three days. The family initially stayed in a hotel, then with the mother's brother, and ended up without a permanent home for over a year.

5.20   In a third incident, the Sunnyside police required a landlord to send a couple a three-day notice to vacate after their home had been searched by Sunnyside police pursuant to a search warrant. Three days after the eviction notice was served, Sunnyside police came to the home and ordered the couple to leave the property by midnight of that day, giving them approximately eight hours to move out. No court eviction proceedings had been initiated. The police ordered the couple to leave Sunnyside altogether, stating that the couple could not relocate elsewhere in the city. The couple was homeless for more than a year.

5.21   Sunnyside has a policy or practice of enforcing the CFRHP against residents without evidence that the residents engaged in criminal activity.

5.22   Sunnyside police reports concerning residents in CFRHP housing often fail to state what crime is alleged to have occurred in or around the rental unit, if

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

any, and whether the police enforced the CFRHP in those cases. Other police reports reference domestic violence situations, but do not indicate the resolution.

5.23   Most of the Sunnyside residents unlawfully evicted have been Latino/as, residents with children, and women.

## VI.   FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 – Denial of Right to Procedural Due Process Under Color of Law)**

6.1   Washington incorporates the allegations set forth above as if fully set forth here.

6.2   At all times relevant, Sunnyside acted under color of law.

6.3   Washington residents have a property interest in retaining possession of their rented homes, which is protected by the Due Process Clause of the Fourteenth Amendment.

6.4   Sunnyside's policy or practice of having its police evict residents or requiring landlords to evict residents where residents had no prior opportunity to be heard, no one was arrested, no judicial eviction proceeding was initiated, and/or no judicial eviction order was ever issued, deprives residents in CFRHP housing of their property interest in their tenancies without due process of law.

6.5   Sunnyside is liable under 42 U.S.C. § 1983 when it deprives residents of their constitutional right to due process.

6.6   As a proximate result of these unlawful acts, Washington and its residents suffered and continue to suffer injury.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

## VII. SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Denial of Right to Substantive Due Process Under Color of Law)

7.1   Washington incorporates the allegations set forth above as if fully set forth here.

7.2   At all times relevant, Sunnyside acted under color of law.

7.3   Under federal law, the right to family integrity is a fundamental right protected by the Due Process Clause of the Fourteenth Amendment.

7.4   Sunnyside's policy or practice of depriving residents of their right to family integrity without sufficient government justification deprives residents of their right to due process of law.

7.5   Sunnyside is liable under 42 U.S.C. § 1983 when it deprives residents of their right to due process of law.

7.6   As a proximate result of these unlawful acts, Washington and its residents suffered and continue to suffer injury.

## VIII. THIRD CAUSE OF ACTION
### (42 U.S.C. § 3604 – Housing Discrimination)

8.1   Washington incorporates the allegations set forth above as if fully set forth here.

8.2   Most of the unlawfully evicted residents have been Latino/as, families with children, or women.

8.3   Sunnyside's policy or practice of enforcing the CFRHP makes housing unavailable and imposes different terms, conditions, and privileges in the rental

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1  of a dwelling because of national origin, familial status, and sex in violation of
2  42 U.S.C. § 3604(a)-(b).

3  8.4   As a proximate result of these unlawful acts, Washington and its residents
4  suffered and continue to suffer injury.

## IX.   FOURTH CAUSE OF ACTION
**(Wash. Const. art. I, § 3 – Denial of Right to Due Process Under Color of Law)**

9.1   Washington incorporates the allegations set forth above as if fully set forth here.

9.2   At all times relevant, Sunnyside acted under color of law.

9.3   Washington residents have a property interest in retaining possession of their rented homes, which is protected by Wash. Const. art. I, § 3.

9.4   Sunnyside's policy or practice of having its police evict residents or require landlords to evict residents where residents had no prior opportunity to be heard, no one was arrested, no judicial eviction proceeding was initiated, and/or no judicial eviction order was ever issued, deprives residents in CFRHP housing of their property interest in their tenancies without due process of law.

9.5   As a proximate result of these unlawful acts, Washington and its residents suffered and continue to suffer injury.

//
//

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

## X. FIFTH CAUSE OF ACTION
**(Wash. Rev. Code §§ 49.60.030(1) and 49.60.222 – Housing Discrimination)**

10.1  Washington incorporates the allegations set forth above as if fully set forth here.

10.2  Most of the unlawfully evicted residents have been Latino/as, families with children, or women.

10.3  Sunnyside's policy or practice of enforcing the CFRHP violates residents' rights to engage in real estate transactions without discrimination on the basis of national origin, status as a family with children, and sex, in violation of Wash. Rev. Code § 49.60.030(1)(c).

10.4  Sunnyside's policy or practice of enforcing the CFRHP discriminates in the terms and conditions of a real estate transaction, and makes unavailable or denies a dwelling, because of national origin, status as a family with children, and sex, in violation of Wash. Rev. Code § 49.60.222(1)(b), (f).

10.5  As a proximate result of these unlawful acts, Washington and its residents suffered and continue to suffer injury.

## XI. SIXTH CAUSE OF ACTION
**(Wash. Rev. Code § 59.18.290 – Evicting Residents without a Court Order)**

11.1  Washington incorporates the allegations set forth above as if fully set forth here.

11.2  Sunnyside's policy or practice of enforcing the CFRHP by having police officers evict residents or requiring landlords to evict residents where no judicial

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1  eviction proceeding was initiated or no judicial eviction order issued violates

2  Wash. Rev. Code § 59.18.290.

3  11.3  As a proximate result of these unlawful acts, Washington and its residents

4  suffered and continue to suffer injury.

## XII.  SEVENTH CAUSE OF ACTION
### (Wash. Rev. Code § 59.18.580(2) – Evicting Residents Because They Were Victims of Domestic Violence or Sexual Assault)

12.1  Washington incorporates the allegations set forth above as if fully set forth here.

12.2  Sunnyside's policy or practice of enforcing the CFRHP by having police officers evict residents or requiring landlords to evict residents who are victims of domestic violence or sexual assault violates Wash. Rev. Code § 59.18.580(2).

12.3  As a proximate result of these unlawful acts, Washington and its residents suffered and continue to suffer injury.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, State of Washington, prays that the Court:

13.1  Adjudge and decree that Sunnyside has engaged in the conduct complained of in this complaint;

13.2  Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP violates the Fourteenth Amendment to the U.S. Constitution;

13.3  Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP violates Wash. Const. art. 1, § 3;

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

13

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1  13.4  Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP violates the Fair Housing Act, 42 U.S.C. § 3604(a)-(b);

13.5  Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP violates the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.030(1) and 49.60.222;

13.6  Adjudge and decree that the CFRHP and Sunnyside's policy and practice of enforcing the CFRHP violates the RLTA, Wash. Rev. Code §§ 59.18.290 and .580(2);

13.7  Permanently enjoin Sunnyside and its representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with Sunnyside, from continuing or engaging in the unlawful conduct complained of in this complaint;

13.8  Award money damages and other make-whole relief in the amount to be proven at trial;

13.9  Make such orders to provide that Sunnyside shall reimburse the State its reasonable costs incurred in this action, including reasonable attorneys' fees;

13.10  Award pre- and post-judgment interest at the maximum rate allowed by law; and

13.11  Award such other and further relief as the Court deems just and proper.

//

//

DATED this 30th day of July, 2019.

Respectfully Submitted,

*s/Mitchell A. Riese*
MITCHELL A. RIESE, WSBA #11947
NEAL LUNA, WSBA #34085
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Mitchell.Riese@atg.wa.gov
Neal.Luna@atg.wa.gov

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

15

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492