FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; JAMES RIVARD, in his official and individual capacities;<br><br>Defendants. | NO: 1:19-CV-3174-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT |

BEFORE THE COURT is a Motion for Relief from Judgment by Defendants City of Sunnyside, et al. ECF No. 19. Having considered Defendants' motion, ECF No. 19; Plaintiff's response and declaration, ECF Nos. 20 and 21; Defendants' reply,

ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT ~ 1

ECF No. 23, and the remaining record, the Court denies Defendants' motion and leaves the judgment in this matter intact.

The Court granted Defendants' motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction on the basis that Plaintiff had not shown that it had *parens patriae* standing without prejudice.  ECF No. 16 at 12 (citing *Mox. Ex. rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), which held that dismissal for lack of subject matter jurisdiction generally is without prejudice). The Court set a deadline for Plaintiff to file a Second Amended Complaint and cautioned: "Failure to overcome the deficiencies identified with respect to standing will result in dismissal with prejudice." *Id.* at 13.

Before the amendment deadline, Plaintiff gave notice that it would not be filing a Second Amended Complaint.  ECF No. 18.  The Court closed the file in the case, and, shortly thereafter, Defendants moved to amend the judgment to dismiss Plaintiff's Amended Complaint with prejudice.  ECF No. 19

However, the Court finds that amendment of the judgment is not warranted. The Court's order of dismissal gave Plaintiff an opportunity to amend its complaint to correct the jurisdictional deficiency.  ECF No. 16 at 12−13.  The Court's dismissal order did not contemplate dismissal with prejudice as a sanction against Plaintiff.   Had Plaintiff elected to file a Second Amended Complaint, and again failed to establish jurisdiction, then the Court would have dismissed the matter with prejudice.  Instead, Plaintiff filed a new cause of action in state court, which

ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT ~ 2

Defendant removed to this Court under a new case number.  *See* Case No. 20-cv-3018-RMP (E.D.Wash.).

The Rule 12(b)(1) dismissal allowed Plaintiff to amend its complaint to adequately allege standing.  The Judgment dismissing the matter without prejudice was not left intact as a matter of oversight or omission under Fed. R. Civ. P. 60(a), as Defendants suggest.  Rather, Plaintiff did not file a Second Amended Complaint for Defendants to challenge and for the Court to review.  Accordingly, Defendants' motion seeking to amend the judgment is denied.  **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Relief from Judgment, **ECF No. 19**, is **DENIED**.

2. The Judgment, ECF No. 17, shall not be amended.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 4, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT ~ 3